FILED
FEBRUARY 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZDENEK SVOBODA, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| | ) | |
| METROPOLITAN WATER | ) | Jury Demand |
| RECLAMATION DISTRICT OF | ) | |
| GREATER CHICAGO, and | ) | |
| BARBARA OSOWSKI, as | ) | |
| administrator of the estate of | ) | |
| RICHARD OSOWSKI, Star 7194, | ) | |
| | ) | |
| Defendants. | ) | |

**08 C 783**

**JUDGE LEFKOW**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claim is based on 28 U.S.C. §§ 1331 and 1343. Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. RICHARD OSOWSKI was a duly appointed and sworn Metropolitan Water Reclamation District police officer. At all times material to this complaint, Defendant-OSOWSKI was acting in the course and scope of his employment and under color of state law, ordinance and/or regulation.

4. BARBARA OSOWSKI, the widow of RICHARD OSOWSKI, has been appointed the administrator of the estate of RICHARD OSOWSKI.

5. On October 25, 2002, at about 10:00 p.m., Plaintiff ZDENEK SVOBODA and Pavel Belocky were dropped off by a friend, Adam Reimandowski, near their house located at

4105 N. McVicker, Chicago, Illinois, County of Cook.

6. At that time, Defendant-Officer RICHARD OSOWSKI lived at 4059 N. McVicker, and was outside.

7. As Plaintiff ZDENEK SVOBODA and Pavel Belocky got out of their friend's car, Pavel Belocky put a white styrofoam container, containing leftover food from lunch, on the grass so that he could put on his backpack.

8. From across the street, Defendant-Officer RICHARD OSOWSKI began swearing at Plaintiff ZDENEK SVOBODA and Pavel Belocky.

9. Pavel Belocky picked up the styrofoam container and he and Plaintiff ZDENEK SVOBODA walked towards Defendant-Officer RICHARD OSOWSKI.

10. Defendant-Officer RICHARD OSOWSKI told Plaintiff ZDENEK SVOBODA and Pavel Belocky that he was a police officer.

11. Defendant-Officer RICHARD OSOWSKI then showed Plaintiff ZDENEK SVOBODA and Pavel Belocky his badge, which was clipped on his belt.

12. Defendant-Officer RICHARD OSOWSKI was also carrying a loaded gun.

13. As Plaintiff ZDENEK SVOBODA and Pavel Belocky got closer to Defendant-Officer RICHARD OSOWSKI, Defendant pepper-sprayed them both in the eyes and face.

14. Plaintiff ZDENEK SVOBODA and Pavel Belocky tried to take the pepper-spray away from Defendant-Officer RICHARD OSOWSKI.

15. At this time, Defendant-Officer RICHARD OSOWSKI took out his weapon and shot at Plaintiff ZDENEK SVOBODA.

16. Plaintiff ZDENEK SVOBODA and Pavel Belocky heard a gunshot while they were attempting to take the pepper-spray away from Defendant-Officer RICHARD OSOWSKI.

17. Plaintiff ZDENEK SVOBODA had been shot in the abdomen by Defendant-Officer RICHARD OSOWSKI, and the bullet had exited through his back.

18. After the gunshot, Plaintiff ZDENEK SVOBODA and Pavel Belocky left and walked to their house.

19. Plaintiff ZDENEK SVOBODA felt dizzy so he went to lie down in his bedroom.

20. Pavel Belocky left to go out.

21. Plaintiff ZDENEK SVOBODA could not sleep, and he felt sick so he got out of bed and went to the bathroom.

22. Plaintiff ZDENEK SVOBODA then returned to his bedroom and laid back down.

23. Plaintiff ZDENEK SVOBODA does not remember what happened after he laid back down in his bedroom.

24. Later, Plaintiff ZDENEK SVOBODA's roommate, Zdenka Trhlikova, heard Plaintiff calling for help and went to see what was wrong.

25. Zdenka Trhlikova saw that Plaintiff ZDENEK SVOBODA had been shot.

26. Zdenka Trhlikova went upstairs to Kamil Spicak's apartment and told Kamil that Plaintiff ZDENEK SVOBODA had been shot. Since Zdenka Trhlikova did not speak english, she asked Kamil to assist in getting help for Plaintiff ZDENEK SVOBODA.

27. Kamil Spicak could not call for an ambulance since he also did not speak English. Kamil telephoned Marketa Kucikova.

28. Marketa Kucikova told Kamil Spicak that she would come over right away to help them.

29. By the time Marketa Kucikova arrived at Plaintiff's home, located at 4105 N. McVicker, police officers had already arrived on the scene.

30. Plaintiff ZDENEK SVOBODA was transported by ambulance to Lutheran General Hospital, Chicago, to be treated for the gunshot wound.

31. Plaintiff ZDENEK SVOBODA was taken into surgery for internal bleeding to his large intestines.

32. Plaintiff ZDENEK SVOBODA was informed that he was a half-hour away from losing too much blood to recover from the wound.

33. Immediately following the surgery, Plaintiff ZDENEK SVOBODA was handcuffed to his bed by one leg and one arm. Plaintiff was under arrest and was being charged with aggravated battery to a police officer based on the above described incident with Defendant-Officer RICHARD OSOWSKI.

34. Plaintiff ZDENEK SVOBODA developed an infection after the surgery.

35. As a result of the infection, Plaintiff ZDENEK SVOBODA was taken in for a second surgery about four days after the initial surgery.

36. Plaintiff ZDENEK SVOBODA's mother, Bozena Svoboda, was allowed to visit Plaintiff only once after the surgery. When Ms. Svoboda subsequently returned to the hospital to try and see her son, she was not allowed to see Plaintiff on two separate occasions.

37. Shortly after his second surgery at Lutheran General Hospital, Plaintiff ZDENEK SVOBODA was transported to Cook County Hospital.

38. Plaintiff ZDENEK SVOBODA remained at Cook County Hospital for approximately three weeks thereafter.

39. On one occasion while he was hospitalized, Plaintiff ZDENEK SVOBODA asked the officer stationed next to his bed if he could use the restroom. The officer told him he would have to wait until the shift change, which was almost two hours away. Because Plaintiff

ZDENEK SVOBODA needed to use the bathroom and could not wait for two hours, Plaintiff had to relieve himself in his hospital bed.

40. Until bond was posted, at least one officer was constantly stationed by Plaintiff ZDENEK SVOBODA's hospital bed.

41. Four days prior to Plaintiff ZDENEK SVOBODA's release from Cook County hospital, his employer posted bail for him in the amount of five thousand dollars. Once Plaintiff had posted bail, the handcuffs on Plaintiff's ankles and wrists were removed and there was no longer an officer constantly sitting next to his bed.

42. When Pavel Belocky, returned home to 4105 N. McVicker at about 3:00 a.m. on October 26, 2002, following the above-described incident with Defendant OSOWSKI, five Chicago Police detectives and one Sergeant were present.

43. These officers placed Pavel Belocky under arrest for aggravated battery to Defendant-Officer RICHARD OSOWSKI.

44. Defendant-Officer RICHARD OSOWSKI instituted felony charges against Plaintiff ZDENEK SVOBODA and Pavel Belocky for felony aggravated battery to a police officer based on the above-described October 25, 2002, incident near Defendant's home.

45. The aggravated battery to Defendant-Officer RICHARD OSOWSKI charge was brought against Plaintiff ZDENEK SVOBODA and Pavel Belocky in Cook County under case number 02 CR 28389, <u>People of the State of Illinois v. Zdenek Svoboda, and Pavel Belocky</u>.

46. Under 720 ILCS 5/12-4(b)(6), aggravated battery to a police officer is a class 3 felony, which carries a possible penalty of 2-5 years in the Illinois Department of Corrections.

47. Plaintiff ZDENEK SVOBODA and Pavel Belocky appeared in court numerous times on the aggravated battery to Defendant-Officer RICHARD OSOWSKI charge.

48. On December 12, 2003, after a bench trial, Plaintiff ZDENEK SVOBODA and Pavel Belocky were found not guilty of aggravated battery to Defendant-Officer RICHARD OSOWSKI.

49. As a direct and proximate result of the acts of the Defendant described above, Plaintiff ZDENEK SVOBODA has suffered and continues to suffer great damages including pain and suffering arising from the gun shot wound to his abdomen, recurring stomach pains, extensive scarring, loss of his physical liberty for about 30 days, loss of earnings for the entire time he was hospitalized and for two months after his release from the hospital, approximately fifty-five thousand dollars in medical expenses, six thousand dollars in attorney's fees from his criminal trial, emotional distress, mental anguish and humiliation, injury to his good name and reputation, and other nonpecuniary losses.

## COUNT I
### 42 U.S.C. § 1983, Excessive Force

50. Plaintiff ZDENEK SVOBODA realleges paragraphs 1 through 49 as if fully set forth herein.

51. The actions of Defendant-Officer RICHARD OSOWSKI in shooting Plaintiff ZDENEK SVOBODA in the abdomen, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff ZDENEK SVOBODA asks that this Honorable Court:

(a) Enter judgment against Defendant RICHARD OSOWSKI;

(b) Award compensatory and punitive damages to Plaintiff against Defendant, as determined at trial;

(c) Award Plaintiff attorney's fees and costs;

(d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### 42 U.S.C. § 1983, Excessive Force

52. Plaintiff ZDENEK SVOBODA realleges paragraphs 1 through 49 as if fully set forth herein.

53. The actions of Defendant-Officer RICHARD OSOWSKI in pepper-spraying Plaintiff ZDENEK SVOBODA, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff ZDENEK SVOBODA asks that this Honorable Court:

(a) Enter judgment against Defendant RICHARD OSOWSKI;

(b) Award compensatory and punitive damages to Plaintiff against Defendant, as determined at trial;

(c) Award Plaintiff attorney's fees and costs;

(d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### State Claim for Malicious Prosecution

54. Plaintiff ZDENEK SVOBODA realleges paragraphs 1through 49 as if fully set forth herein.

55. Defendant-Officer RICHARD OSOWSKI instituted charges against Plaintiff ZDENEK SVOBODA for felony aggravated battery to a police officer.

56. There was not probable cause for instituting these charges.

57. Plaintiff ZDENEK SVOBODA was found not guilty of felony aggravated battery to Defendant-Officer RICHARD OSOWSKI.

WHEREFORE, Plaintiff ZDENEK SVOBODA asks that this Honorable Court:

(a) Enter judgment against Defendant RICHARD OSOWSKI;

(b) Award compensatory and punitive damages to Plaintiff against Defendant, as determined at trial;

(c) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### State Claim for Respondeat Superior

58. Plaintiff realleges paragraphs 1 through 49 as if fully set forth herein.

59. The acts of Defendant RICHARD OSOWSKI described in the state claims specified above, were willful and wanton, and committed in the scope of his employment. Therefore, as principal, the Defendant METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO is liable for its agents' actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiff ZDENEK SVOBODA demands judgment against the METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO , and such other and additional relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595