IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZDENEK SVOBODA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No: 08 C 783 |
| ) | |
| METROPOLITAN WATER ) | Judge LEFKOW |
| RECLAMATION DISTRICT OF ) | |
| GREATER CHICAGO, and ) | Magistrate Judge KEYS |
| BARBARA OSOWSKI, as ) | |
| administrator of the estate of ) | |
| RICHARD OSOWSKI, Star 7194 ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT METROPOLITAN WATER RECLAMATION DISTRICT'S
MOTION TO DISMISS**

NOW COMES the Defendant METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO ("MWRD") by and through its attorneys, Eileen M. Letts, Kevin T. Lee, Carl K. Turpin and Kenya A. Jenkins of the law firm of GREENE AND LETTS, and hereby submits its Motion to Dismiss seeking dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12 (b) (6). In support of said motion, MWRD states as follows:

I.   **Introduction**

Plaintiff filed this complaint in the Federal Court on February 5, 2008 after voluntarily dismissing his case in State Court on February 5, 2007. Plaintiff's Complaint alleges an action against Defendant Osowski for money damages under the common law and statutes of the State of Illinois, and pursuant to 42 U.S.C. § 1983, and the

Fourth and Fourteenth Amendments of the United States Constitution. (See, Exhibit A, Plaintiff's Complaint). However, Plaintiff only alleges an Illinois state claim for Respondeat Superior against MWRD which was brought in this court on supplemental jurisdiction. (See, Exhibit A, Count IV). The Estate of Richard Osowski was served the complaint on April 21, 2008, but has not yet filed any appearance or answer. The Estate's answer was due May 12, 2008. Instead, it appears the Estate of Richard Osowski has defaulted.

    Plaintiff continues to allege that on October 25, 2002, his neighbor, Richard Osowski, a now deceased former MWRD Police Officer, shot Plaintiff while Osowski was off-duty and on vacation. According to Plaintiff's complaint, the shooting occurred during a dispute over a cup filled with litter. (See, Exhibit A, Plaintiff's Complaint, page 2, ¶¶ 7-10). Plaintiff alleges that Osowski, who resided at 4059 N. McVicker, Chicago, Illinois lived within a one block radius of Plaintiff.

    According to Plaintiff's Complaint, on October 25, 2002, Osowski allegedly observed Plaintiff near his address at 4105 N. McVicker, Chicago, Illinois. Per Plaintiff's complaint, Osowski became irate when Plaintiff's friend, Pavel Belocky, (hereinafter Belocky), placed a Styrofoam container on the grass (See, Exhibit A, Plaintiff's Complaint, page 2, ¶¶ 7-9).

    Plaintiff alleged that Osowski sprayed Plaintiff with pepper-spray after Plaintiff and Belocky picked up the container and advanced toward Osowski. (See, Exhibit A, Plaintiff's Complaint, page 2, ¶¶ 13-14). Plaintiff allegedly attempted to grab the pepper-spray away from Osowski; however, during the struggle between Osowski and Plaintiff and his friend, Plaintiff was shot. (See, Exhibit A, Plaintiff's Complaint, page

2, ¶¶ 13-16). Plaintiff alleges that Osowski carried a gun prior to the shooting; however, Plaintiff does not contend that Osowski possessed a gun provided by the MWRD or maintained pursuant to MWRD policies.

Plaintiff does not describe the gun used in the shooting. In addition, after the shooting, neither Plaintiff nor his friend remained at the scene for police assistance or medical assistance. (See, Exhibit A, Plaintiff's Complaint, page 3, ¶¶ 17-18). Neither Plaintiff nor Belocky called an ambulance at the scene of the shooting. Furthermore, while Plaintiff acknowledges hearing the shot that wounded him, his complaint contends that neither Plaintiff nor Belocky were aware that Plaintiff was wounded, in pain, or bleeding until much later. (See, Exhibit A, Plaintiff's Complaint, page 2, ¶¶ 19-23). Osowski was not criminally prosecuted for the shooting of plaintiff Svoboda.

Neither Plaintiff nor Belocky contends that they signed a complaint against Osowski. Osowski filed a criminal complaint against Plaintiff and Belocky. Osowski's decision to file a criminal complaint was his own personal decision because of a personal dispute he had with Plaintiff. Osowski never asked MWRD's permission to file said criminal complaint. MWRD was not involved in Osowski's decision to file said criminal complaint. Moreover, Plaintiff never alleges that MWRD was involved in the criminal complaint or criminal prosecution of Plaintiff.

**II.    Legal Standards**

Plaintiff filed this complaint in the Federal Court on February 5, 2008 after voluntarily dismissing his case in State Court on February 5, 2007. Plaintiff has made numerous state and federal allegations in his complaint. However, in regards to MWRD, a local public entity, Plaintiff has only filed an Illinois state claim for respondeat

3

superior. In regards to the Illinois state claims, this Honorable Court must apply Illinois law. *See Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 683 (7th Cir. 2007).

Plaintiff's state respondeat superior claim must be dismissed because Defendant Osowski's alleged actions were outside the scope of his employment with MWRD and not in furtherance of said employment. Assuming, *arguendo*, this court does not find that Osowski's alleged actions were outside the scope of his employment, Plaintiff's complaint must be dismissed because he violated the Illinois Tort Immunity Act. Under the Illinois Tort Immunity Act, Plaintiff would have had one year after the incident to file a claim against MWRD. *See* 745 ILCS § 10/8-201. Plaintiff failed to do so even in his original complaint in the Illinois state court system. Therefore, Plaintiff violated the statute of limitations and has no claim in which relief can be granted. Finally, assuming, *arguendo*, this court does not believe Plaintiff violated the Tort Immunity Act, Plaintiff's state claims of respondeat superior for the alleged malicious prosecution of Plaintiff are separate and distinct claims form the federal claims and are not part of a common nucleus of facts; therefore, the state claims of respondeat superior for any malicious prosecution allegation should be dismissed from federal court. Therefore, a Rule 12(b)(6) motion is appropriate because Plaintiff has failed to "state a claim upon which relief can be granted." Fed.R.Civ.Proc 12(b)(6).

### III. Argument

#### A. Plaintiff's Claims against MWRD Must Be Dismissed Because Osowski Was Not Acting in Furtherance of his Employment or Within the Scope of His Employment.

Under Illinois law, an employer is not liable for an intentional tort committed by an employee when the tort was not in furtherance of his employment. "The employer will

only be held responsible for the employee's acts if the acts were committed within the scope of the employee's employment." *Hargan v. Southwestern Elec. Coop., Inc.*, 311 Ill. App. 3d 1029, 1031, 725 N.E. 2d 807, 809 (Ill. 5th Dist. 2000) (*citing Pyne v. Witmer*, 129 Ill.2d 351, 135 Ill.Dec. 557, 561, 543 N.E.2d 1304, 1308 (Ill. 1989).

As the Seventh Circuit has stated, "[u]nder Illinois law, the conduct of a servant is within the scope of employment if, but only if: (1) it is of the kind he is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master." *Duffy v. United States*, 966 F. 2d 307, 314 (7th Cir. 1992) (*citing Pyne*, 129 Ill.2d at 360, 543 N.E.2d at 1308). "Conversely, it is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Id.* (*citing* Pyne, 543 N.E.2d at 1308).

"The burden is on the plaintiff to show the contemporaneous relationship between tortious act and scope of employment." *Pyne*, 129 Ill.2d at 360, 543 N.E. 2d at 1309; *see also*, *McPherson v. City of Waukegan*, 379 F.3d 430, 443-44; *see also*, 745 ILCS 10/9-102.

In the instant case, Plaintiff has failed to meet his burden to show, or even allege facts to support a claim of a contemporaneous relationship between Osowski's tortuous act and the scope of his employment. Because Plaintiff has failed to meet this burden, the complaint against MWRD should be dismissed.

Generally, the question of whether an act is within the scope of an employee's employment is left to the jury; however, the issue may be decided as a matter of law if the answer is sufficiently clear. *See Wright v. City of Danville*, 174 Ill.2d 391, 408-409,

5

675 N.E. 2d 110, 119 (1996) (affirming circuit court's dismissal of complaint because employees were acting outside the scope of their employment). In the instant case, the complaint against MWRD should be dismissed because the facts sufficiently demonstrate that Osowski's conduct did not occur substantially within the authorized time and space limits of his employment. The assault on Osowski occurred while he was at home and on vacation. Furthermore, Osowski's conduct was a product of self-defense, and not actuated by a purpose to serve the District.

### 1. Osowski's conduct did not occur substantially within the authorized time and space limits of his employment

The Illinois legislature has narrowly defined the jurisdiction or "authorized space" limits for District Officers. See, 70 ILCS 2605/50. This jurisdictional limit does not confer authority to Osowski while he was at home on vacation. Specifically, 70 ILCS 2605/50 states:

> . . . the sanitary district of Chicago shall have the right and power to appoint and support a police force, the members of which **may have and exercise police powers over and within its right of way and for a distance of one and one-half miles on each side of its main drainage channel,** such police powers as are conferred upon and exercised by the police of organized cities and villages; but such police force, when acting within the limits of such city or village, shall act in aid of the regular police force of such city or village, and shall then be subject to the direction of its chief of police, city or village marshals or other head thereof. 70 ILCS 2605/50 [emphasis added].

Accordingly, to conform to the legislative mandate of 70 ILCS 2605/50, and the jurisdictional scope of his/her authority, a District Officer must either act in the aid of the regular police force of such city or village, and under the direction of its chief of police, or confine their exercise of power to a District right of way and for a distance of one and one-half miles on each side of a District drainage channel. *Id.*

6

In the instant case, Plaintiff has not, and indeed, cannot allege that the assault on Osowski by his neighbors, and Osowski's resultant self-defense occurred within the jurisdictional or space limits imposed by 70 ILCS 2605/50. Plaintiff has not alleged that the conduct occurred on a District right of way, nor has Plaintiff allege that the assault occurred within one and one-half miles of a District drainage channel. Given this failure Plaintiff's complaint must be dismissed. Moreover, Plaintiff has not, and cannot, allege that Osowski's conduct was undertaken to aid the Chicago Police, or at the direction of the Chicago Police. Because Plaintiff cannot meet his burden to establish that Osowski's conduct occurred substantially within the authorized space limits of his employment, his complaint should be dismissed.

**2. Plaintiffs' Complaint Must Be Dismissed Because The Acts Complained Of Were The Product of Self-Defense, And Not Actuated, By A Purpose To Serve The District**

Plaintiff bases his "scope-of-employment" claim solely on the consideration that Osowski stated that he was a police officer prior to the assault by the plaintiffs. Contrary to Plaintiff's claims, this statement is inherently insufficient to establish Osowski's "scope-of-employment."

"The law is well settled in Illinois that an agent cannot confer power on himself, and his agency or authority cannot be established by showing what he said or did." *Kapelski v. The Alton & Southern R.R.* 36 Ill.App.3d 37, 42, 343 N.E. 2d 207, 211 (Ill. 5th Dist. 1976) (*quoting Holbeck v. Illinois Bankers Life Assurance Co.,* 318 Ill.App. 296, 304, 47 N.E. 2d 721, 724 (Ill. 4th Dist. 1943)). Accordingly, Osowski's assertion to Plaintiff and Belocky that he was a police officer does not establish that he was acting within the scope of his employment. The determinative factor is his conduct.

"A municipality is liable only for those acts of an off-duty policeman that fall within the scope of his employment, specifically those acts he performs to enforce the law and preserve the peace." *Wolf v. Liberis*, 153 Ill.App.3d 488, 493, 505 N.E.2d 1202, 1206 (Ill.1st Dist. 1987). "Liability will not be imposed on the municipality when the conduct of the off-duty police officer is so reckless and outrageous that it is deemed to be outside the scope of employment." *Id.*

In the case at bar, Osowski's conduct, as described by Plaintiff's complaint, demonstrates Osowski had personal will to survive an attack by the two adult assailants, more than any will to serve MWRD. Importantly, Plaintiff does not contend that Osowski wore a uniform, or had handcuffs on his person during the encounter. Furthermore, Plaintiff does not allege that Osowski attempted to arrest him or Belocky, attempted to read them their rights, called for back-up, wore a police radio, drove a police car, wore a police vest, or worked with any other District Officer during the encounter. According to Plaintiff, Osowski only fired his firearm after being knocked to the ground and assaulted by his assailants. Therefore, this cause of action against MWRD should be dismissed.

### 3. Osowski's Criminal Complaint Against the Plaintiff was a Personal Decision and Did Not Involve MWRD.

Furthermore, Plaintiff cannot allege that Osowski's subsequent decision to file a criminal complaint against Plaintiff that caused Plaintiff to be prosecuted was within his scope of employment with MWRD. After this personal dispute with Plaintiff that was outside the scope of any of his employment, Osowski chose to file a criminal complaint against Plaintiff. This was Osowski's personal decision; MWRD was not involved in this decision in any way, shape or form. Osowski did not choose to file said criminal

complaint in furtherance of any MWRD purpose or objective. Osowski did not speak to anyone at MWRD about his options prior to filing said complaint. Osowski made a personal decision to file a complaint against Plaintiff because of a personal dispute he had with Plaintiff that had nothing to do with his employment with MWRD. This is further exemplified by the fact that Plaintiff never alleged that MWRD was involved in Osowski's decision to file a criminal complaint. Moreover, Plaintiff never alleges that filing the criminal complaint was in furtherance of MWRD or on behalf of MWRD. Therefore, any choice to make a criminal complaint against Plaintiff was Osowski's decision alone. MWRD should not be responsible for any personal decisions that people make outside of the scope of their employment.

In the instant case, Plaintiff has alleged nothing that would support the conclusion that Osowski's encounter with Plaintiff was actuated by a desire to serve the MWRD. Due to the fact that none of Osowski's acts were within the scope of his employment and were not for the purpose of serving MWRD, Plaintiff's complaint against MWRD must be dismissed.

### B. Plaintiff's Complaint Against MWRD Violates the Illinois Tort Immunity Act and Must be Dismissed

Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, a Plaintiff has a one year statute of limitations for commencing an action against a governmental entity. The Tort Immunity Act statute of limitations, 745 ILCS § 10/8-201, states as follows:

> (a)  **No civil action** other than an action described in subsection (b) may be commenced **in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued**.

    (b)    No action for damages for injury or death against any local public entity or public employee, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of those dates occurs first, but in no event shall such an action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death.
    (c)    For purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this **State**.

745 ILCS § 10/8-101 (emphasis added).

The Metropolitan Water Reclamation District is considered a governmental entity in which the tort immunity act would apply. The Illinois Supreme Court held that "[t]he term 'local public entity,' as defined in the Tort Immunity Act, includes sanitary districts such as defendant [Metropolitan Water Reclamation District]." *Paszkowski v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 213 Ill.2d 1, 6, 820 N.E.2d 401, 289 Ill.Dec. 625 (2004) (*citing* 745 ILCS 10/1-206). The Illinois Supreme Court also held that the one-year statute of limitations should apply to such cases. *Id.* at 12-13.

Prior to this re-filing, Plaintiff filed his original complaint in state court on October 25, 2004. According to the Plaintiff's complaint, the incident at issue occurred on October 25, 2002. Therefore, Plaintiff filed his original complaint against Defendants two years after the incident. However, because MWRD is a local public entity per the Illinois Tort Immunity Act, Plaintiff had to file the complaint within one year after the incident, which would be on or before October 25, 2003. The fact that Plaintiff made a willful and wanton allegation of respondeat superior will not relieve Plaintiff of his duty to file this complaint within one year.

Plaintiff clearly violated the Illinois Tort Immunity Act when he filed his original complaint two years after the alleged incident. By re-filing this matter, Plaintiff started an entirely new action; however, Plaintiff still had to meet the statute of limitations standard found in the Tort Immunity Act. Re-filing this matter in federal court will not relieve Plaintiff of his responsibility to meet the statute of limitations under the Tort Immunity Act. Therefore, this action should be dismissed.

### C. Plaintiff's State Law Claims of Malicious Prosecution and Respondeat Superior are not part of the Common Nucleus of Plaintiff's Federal Law Claims; Therefore, this Honorable Court Lacks Pendent Jurisdiction Over these Matters

Plaintiff's claims for excessive force under § 1983 is separate and distinct from Plaintiff's state claims for malicious prosecution and respondeat superior. Hence, this court does not have pendent jurisdiction over Plaintiff's state claims. The United States Supreme Court held that the "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349, 108 S.Ct. 614 (1988) (*quoting Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130 (1966)). The Supreme Court also reemphasized its position that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *See id.* (*quoting Gibbs*, 383 U.S. at 726).

Plaintiff's claims excessive force against Osowski for Osowski shooting Plaintiff in the abdomen and spraying the Plaintiff with pepper spray during their physical altercation. Whereas, Plaintiff's state claims are regarding Osowski's subsequent decision to file a criminal complaint against Plaintiff for the incident, and MWRD's

11

alleged respondeat superior over Osowski in his decision to file said criminal complaint. These are clearly separate and distinct actions.

Furthermore, the Estate of Richard Osowski has been served in this matter; however, the Estate has failed to file an appearance or answer in this matter. In fact, it appears the Estate is in default. If the Estate is not in this matter, then MWRD should not be in this matter. All of the Federal claims appear to be completed, and only Plaintiff's state claim of respondeat superior against MWRD remains. Therefore, because only the state claim for respondeat superior remains, this court should use its discretion and not hear this matter. The state claim should be in state court. Therefore, the state claim of respondeat superior against MWRD must be dismissed.

### IV.    Conclusion

Wherefore, Defendant MWRD respectfully requests that this Honorable Court Dismisses MWRD from this matter pursuant to Rule 12(b)(6) based on the reasons set forth above.

                    Respectfully submitted,

                    Metropolitan Water Reclamation
                    District of Greater Chicago

                    By: */s/Carl K. Turpin*
                         Carl K. Turpin

GREENE AND LETTS
Attorneys for Defendant-
Metropolitan Water Reclamation
District of Greater Chicago
111 W. Washington Street
Suite 1650
Chicago, Illinois 60602
312/346-1100

X:\MWRD\SVOBODA 101-00002\Federal Case\Pleadings\Motion to DismissFINAL.doc