**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ZDENEK SVOBODA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No: 08 C 783** |
| | ) | |
| **METROPOLITAN WATER** | ) | **Judge LEFKOW** |
| **RECLAMATION DISTRICT OF** | ) | |
| **GREATER CHICAGO, and** | ) | **Magistrate Judge KEYS** |
| **BARBARA OSOWSKI, as** | ) | |
| **administrator of the estate of** | ) | |
| **RICHARD OSOWSKI, Star 7194** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT METROPOLITAN WATER RECLAMATION DISTRICT'S
REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS**

NOW COMES the Defendant METROPOLITAN WATER RECLAMATION
DISTRICT OF GREATER CHICAGO ("MWRD") by and through its attorneys, Eileen M.
Letts, Kevin T. Lee, Carl K. Turpin and Kenya A. Jenkins of the law firm of GREENE
AND LETTS, and hereby submits its Reply to Plaintiff's Response to its Motion to
Dismiss seeking dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil
Procedure 12 (b) (6). In support of said motion, MWRD states as follows:

**I. THE CASES PLAINTIFF CITES IN SUPPORT OF HIS SCOPE OF HIS
EMPLOYMENT CLAIM ARE ALL FACTUALLY DISTINCT AND LEGALLY
INAPPOSITE TO THE INSTANT CASE**

The cases cited by plaintiff are all inapposite to the case at bar. Specifically,
each of these cases cited by Plaintiff involved an officer with an affirmative legal
obligation to remain "on duty" 24 hours a day. Specifically, Plaintiff points to Police

Officers subject to the general orders of the City of Chicago Police Department, or other similar City and County orders that provide that policemen are "on duty" 24 hours a day. *See Wolf v. Liberis*, 153 Ill.App.3d 488, 505 N.E.2d 1202, 106 Ill.Dec. 411 (1st Dist. 1987). Not all "Police Officers", however, remain on duty 24 hours a day. Indeed, the proposition that a private Police Officer for a department store, a hospital, university or other commercial enterprise remained on duty 24 hours a day would clearly offend law, reason, and common sense.

      **a. *Analysis of the case law cited by Plaintiff in his Response*.**

First, Plaintiff cited numerous City of Chicago cases. Plaintiff cited *Banks v. City of Chicago,* 11 Ill.App.3d 543, 297 N.E.2d 343 (1st Dist. 1973), apparently for the contention that a police officer is always on-duty. *Banks*, 11 Ill.App.3d at 546. However, the police officer in *Banks* was a Chicago police officer. *Banks* based its holding that a City of Chicago police officer is on-duty 24 hours a day. The general order of the Chicago Police Department that "a police officer is considered to be on duty at all times, although certain hours are allocated to the performance of particular duties, and that he is required to respond immediately to any emergency regardless of when and where it may occur within the corporate boundaries of the City of Chicago." *Id.* Plaintiff apparently believes that this exemplifies that Osowski was still on-duty during the incident at issue. However, in the case at bar, Osowski was a police officer for the MWRD and **not** the Chicago Police Department; therefore, neither the *Banks* case nor a Chicago Police Department general order would apply to Osowski. Therefore, this case should not be viewed as persuasive.

Moreover, the Plaintiff cited other cases involving Chicago Police Officers rather than MWRD officers. Plaintiff cited *Gaffney v. City of Chicago*, 302 Ill.App.3d 41, 706 N.E.2d 914, 236 Ill.Dec. 40 (1st Dist. 1998), which involved an off-duty Chicago Police Officer who was alleged to have negligently stored his weapon. *Gaffney*, 302 Ill.App.3d at 44-45. The officer's son found the weapon and shot someone. *Id.* At trial, the plaintiff gave evidence that the storage of a weapon was within the duty of a Chicago Police Officer.  The plaintiff's evidence was as follows: (1) the Chicago Municipal Code § 8-20-010; (2) Chicago Police Officers disciplined officers improperly safeguarding firearms; (3) the Superintendent's deposition testimony that it is within the duty of the Chicago Police Officer to properly store weapons; and (4) the general order of the Chicago Police Department. *See Id.* As with the *Banks* case, the *Gaffney* case involved a Chicago Police Officer that is regulated under its own statutes, codes and general orders.  An officer for the MWRD would not fall under any of the Chicago Police Departments regulations.  Likewise, *Coles v. City of Chicago*, *Garner v. City of Chicago*, *McCloughan v. City of Springfield* and *Dragovan v. City of Crest Hill* all involved city police officers that are considered on duty at all times. See *Coles v. City of Chicago* 361 F.Supp.2d 740; *Garner v. City of Chicago*, 319 Ill.App.3d. 255, 744 N.E.2d 867, 253 Ill.Dec. 134 (1st Dist. 2001); *McCloughan v. City of Springfield*, 172 F.Supp.2d 1009 (C.D. Ill. 2001) ; *Dragovan v. City of Crest Hill*, 115 Ill.App.3d 999, 451 N.E.2d 22, 71 Ill.Dec. 534 (3d Dist. 1983). However, MWRD police officers are not considered on duty at all times, and are regulated by a very specific statute.  *See* 70 ILCS 2605/50.

Finally, Plaintiff cited a case involving a Cook County Deputy Sheriff.   *Brown v. King*, 328 Ill.App.3d 717, 767 N.E.2d 357, 262 Ill.Dec. 897 (1st Dist. 2001), is a case

regarding a Cook County Deputy Sheriff.  This case involved an off-duty Cook County Sheriff's Deputy who decided to stop and investigate the scene of an accident. *Id.* at 720.  The deputy ended up shooting the Plaintiff, and was charged and pled guilty to aggravated battery.   *Id.* This case is inapposite to the case at bar for two primary reasons: (1) the officer involved was an officer for the Cook County Sheriff, not the MWRD; and (2) the officer was performing an actual police duty (investigating the scene of an accident), and was not in a personal dispute with neighbors like Osowski in the case at bar.  Specifically, Cook County Sheriff Deputies are governed by its own statute, 55 ILCS 5/3-6016.  55 ILCS 5/3-6016 states the following: "Sheriff liable for acts of deputy and auxiliary deputy. The sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission." 55 ILCS 5/3-6016; *see also, Cortez v. Defendant Deputy Sheriffs*, 1999 WL 569542, *1 (N.D. Ill. 1999).  A deputy Sheriff and a MWRD officer are regulated by different statutes.  Hence, a case involving a Cook County Deputy Sheriff should not be considered persuasive. Moreover, the acts of the officer in the *Brown* case involved the duty of a police officer, which was investigating a car accident.  However, in the case at bar, Osowski was having a personal dispute with his neighbors about trash being placed on the lawn, and Osowski shot the Plaintiff in an act of self-defense during this personal dispute.  The facts of the *Brown* case and the facts of the case at bar are inapposite.   Therefore, this case is unpersuasive in the case at issue and should be disregarded.

    **b. Osowski's Actions were not within the Scope of his Employment during the incident in question.**

In the instant case, Plaintiff's contention that Osowski remained on duty 24 hours a day and while at his home is equally unpersuasive. Indeed, Plaintiff's claim is expressly contradicted by the Illinois legislature. Specifically, the Illinois legislature has narrowly defined the jurisdiction or "authorized space" limits for District Officers. See, 70 ILCS 2605/50. This jurisdictional limit does not confer authority to Osowski to act as an Officer 24 hours a day, nor does it empower Osowski to act while he was at home on vacation. Specifically, 70 ILCS 2605/50 states:

> . . . the sanitary district of Chicago shall have the right and power to appoint and support a police force, the members of which **may have and exercise police powers over and within its right of way and for a distance of one and one-half miles on each side of its main drainage channel,** such police powers as are conferred upon and exercised by the police of organized cities and villages; but such police force, when acting within the limits of such city or village, shall act in aid of the regular police force of such city or village, and shall then be subject to the direction of its chief of police, city or village marshals or other head thereof.

70 ILCS 2605/50 [emphasis added].

Plaintiffs have relied on these references to City and County Police without once acknowledging a factual distinction between police forces such as the MWRD Police and the Chicago Police Department. Indeed, the holdings of the cases cited by Plaintiff have a significant qualifier that Plaintiff has failed to acknowledge. This language has only been applied to a police force with an affirmative obligation to maintain its weapons and readiness on a 24-hour basis. The MWRD Police is not such a police force. Accordingly, the holdings of these cases do not and cannot be applied to the MWRD Police force no more than it could be applied to the private security forces for entities such as Sears, Wal-Mart, or Northwestern University.

Plaintiff attempts to use the grand jury criminal complaint filed against Plaintiff, Zdenek Svoboda, and Pavel Belocky as proof that Osowski was within his official duties during this act. *See Plaintiff's Exhibit 1.* The criminal complaint stated in pertinent part that "[Plaintiff and Belocky] struck Richard Osowski about the body, knowing Richard Osowski to be a peace officer, to wit: an officer for the Cook County Water Reclamation District, while Richard Osowski was engaged in the execution of his official duties." *See Plaintiff's Exhibit 1.* Plaintiff further alleges that Osowski being "engaged in his official duties" was approved by the Cook County State's Attorney. However, the criminal complaint was incorrect. Osowski can not and was not engaged in his official duties during the incident in question. As previously stated, the Illinois Legislature narrowly defined when an officer for the MWRD can be considered on duty. A criminal complaint and a State's Attorney alleged approval of said complaint is not authoritative; rather, the statutory law of the Illinois Legislature is authoritative. Ironically, the criminal complaint that Plaintiff cites as proof that Osowski was on duty has another mistake. It states that Osowski was an officer for the Cook County Water Reclamation District when he was actually an officer for the Metropolitan Water Reclamation District. Plaintiff did not blindly follow this statement and sue the Cook County Reclamation District; instead, he disregarded this mistake and sued the Metropolitan Water Reclamation District. Likewise, the criminal complaint was mistaken when it considered Osowski executing his official duties. *See Plaintiff's Exhibit 1.*

Indeed, there is case law that states that the 24-hour duty clause can be waived for even Chicago Police Officers. In *Bauer*, the court reasoned that Chicago Police General Order 75-22 specifically exempts "a suspended police officer from those rules

and regulations which require the exercise of direct police action…" *Bauer v. City of Chicago,* 137 Ill.App.3d 228, 233, 484 N.E.2d 422, 91 Ill.Dec. 863 (1st Dist.1985). Accordingly, *Bauer* stands for the proposition that absent a mandate from the department, a police officer cannot exercise direct police action. Therefore, because Osowski did not have a mandate from his department to act to enforce the peace, he could not have acted within the scope of his employment while off-duty and at home.

Plaintiff's argument that Osowski's conduct constituted an act of an off-duty police officer to enforce the law and preserve the peace is unpersuasive, and defies common sense. Osowski no more had a mandate to enforce Chicago litter ordinances than an off-duty courtroom deputy has the duty and right to enforce silence in a crowded theater.

Plaintiff is attempting to use Osowski's statements and actions to show that he was within the scope of his employment during the incident in question. Plaintiff claims the fact that Osowski carried a badge, used pepper spray and fired a weapon is all evidence that he was within the scope of his employment; however, even if true, these actions are insufficient to show that Osowski was within the scope of his employment. Furthermore, Osowski's statement that he was a police officer is similarly insufficient to deem his conduct within the scope of his employment. Osowski may have said he was a police officer or acted as if he was a police officer. However, the fact is Osowski was not a regular sworn police officer; instead, he was an officer for the MWRD and his only duties entailed issues regarding the MWRD and nothing more. Osowski was not on duty at the time of the incident. Rather, Osowski was at home on vacation when two thugs came and placed trash on his property. Osowski, Plaintiff and Belocky then got in

a scuffle regarding the trash. It was not in the benefit of MWRD for Osowski to subdue two individuals who placed trash on his lawn.  The controlling case in this matter is *Wolf v. Liberis*, 153 Ill.App.3d 488, 505 N.E.2d 1202, 106 Ill.Dec. 411 (1st Dist. 1987).

In *Liberis*, the administrator of automobile driver's estate brought action against the City of Chicago, a former police officer, and a motorist, who was officer's fiancée, for the wrongful death of the driver, who was killed in head-on collision with officer.  *Id.* at 490.  The Illinois Appellate Court, held that the officer, who was off-duty, out of uniform, and driving his own car at time of fatal accident with driver, was acting outside scope of his employment so that city was not vicariously liable for officer's alleged negligent driving.  *Id.* at 493.

Indeed, in *Liberis* the court reasoned that the off-duty Officer's conduct was entirely in pursuit of personal goals and did not create liability in the city. The Appellate Court further stated that the trial court based its denial of summary judgment on the fact that *Liberis* said he was "on the job" shortly before the accident leading to Wolf's death. In the Appellate Court's opinion, however, that remark, standing alone, did not bring the officer's subsequent conduct within the scope of his employment. *Id.* at 493. The Appellate Court continued to reason that "[t]he law is well-settled in Illinois that an agent cannot confer power to himself and his agency or authority cannot be established by showing what he said or did." *Id.* (*citing Kapelski v. The Alton & Southern R.R.*, 36 Ill. App. 3d 37, 42, 343 N.E.2d 207, and *Holbeck v. Illinois Bankers Life Assurance Co.*, 318 Ill. App. 296, 304, 47 N.E.2d 721). Finally, the Court reasoned that the off-duty Officer's assertion to bystanders that he was "on the job" did not establish that he was acting within the scope of his employment. *Id.* at 494.  The determinative factor is his

conduct. *Id.* Accordingly, *Liberis* stands for the clear proposition that Officer Osowski did not and could not act within the scope of his employment by merely announcing to his assailants that he was a police officer.

Based on the foregoing, Osowski was not within his official duties during the incident in question. Therefore, MWRD can not be held liable for any of Osowski's actions.

## II. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF VIOLATED THE STATUTE OF LIMITATIONS

### a. Plaintiff did not sue MWRD under § 1983; therefore, § 1983's two year statute of limitations is irrelevant.

A plain-reading of the complaint proves that the § 1983 claim is only against Osowski. Count I and Count II of Plaintiff's complaint only ask for relief against Osowski. Count I (42 U.S.C. § 1983, Excessive Force) states, in pertinent part, the following:

> The actions of Defendant-Officer RICHARD OSOWSKI in shooting Plaintiff ZDENEK SVOBODA in the abdomen, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force. WHEREFORE, Plaintiff ZDENEK SVOBODA asks that this Honorable Court: (a) Enter judgment against Defendant **RICHARD OSOWSKI**; (b) Award compensatory and punitive damages to Plaintiff against Defendant, as determined at trial; (c) Award Plaintiff attorney's fees and costs; (d) Award such other and additional relief that this Honorable Court deems just and equitable.

*See Plaintiff's Complaint*, Count I (emphasis added).

No where does it mention MWRD or Respondeat Superior. Count I, which is a § 1983 claim, is not directed toward MWRD; therefore, § 1983's statute of limitations is irrelevant in regards to MWRD.

Likewise, Count II (42 U.S.C. § 1983, Excessive Force), in pertinent part, states:

> The Actions of Defendant-Officer RICHARD OSOWSKI in pepper-spraying Plaintiff ZDENEK SVOBODA, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force. WHEREFORE, Plaintiff ZDENEK SVOBODA asks that this Honorable Court: (a) Enter judgment against Defendant **RICHARD OSOWSKI**; (b) Award compensatory and punitive damages to Plaintiff against Defendant, as determined at trial; (c) Award Plaintiff attorney's fees and costs; (d) Award such other and additional relief that this Honorable Court deems just and equitable.

*See Plaintiff's Complaint*, Count II (emphasis added).

Once again, Plaintiff never mentioned MWRD or stated a claim against MWRD. Furthermore, respondeat superior was never stated regarding Plaintiff's § 1983 claims in Count II. Therefore, the statute of limitations for a § 1983 claim is irrelevant in regards to MWRD.

It is clear that Plaintiff's Respondeat Superior claim is only regarding his state claim for malicious prosecution. Count III is Plaintiff's "State Claim for Malicious Prosecution" against Osowski. Count IV is entitled "**State** Claim for Respondeat Superior" (emphasis added). Count IV states in pertinent part:

> The acts of Defendant RICHARD OSOWSKI described in the **state** claims specified above, were willful and wanton, and committed in the scope of his employment. Therefore, as principal, the Defendant **METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO** is liable for its agents' actions under the doctrine of respondeat superior. Wherefore, Plaintiff ZDENEK SVOBODA demands judgment against the METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

*See Plaintiff's Complaint*, Count IV (emphasis added).

This is the only Count that mentions MWRD. Based on the title of the Count IV and a reading of said Count, it is clear that Plaintiff only intended the state claim for malicious prosecution to fall under respondeat superior in regards to MWRD. Therefore, the

statute of limitations for any act other than the statute of limitations for respondeat superior for the state claim of malicious prosecution is irrelevant.

### b. Statute of Limitations ran for the Plaintiff's state claim for respondeat superior

Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, a Plaintiff has a one year statute of limitations for commencing an action against a local public entity.    745 ILCS § 10/8-201.  The MWRD is considered a "local public entity under this statute and the one-year statute of limitations should apply.  See *Paszkowski v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 213 Ill.2d 1, 6, 820 N.E.2d 401, 289 Ill.Dec. 625 (2004) (*citing* 745 ILCS 10/1-206).

Therefore, the state claim for respondeat superior for Osowski's alleged malicious prosecution should have been filed one-year after the incident in question.  As stated in the Motion to Dismiss, prior to this re-filing, Plaintiff filed his original complaint in state court on October 25, 2004.  According to the Plaintiff's complaint, the incident at issue occurred on October 25, 2002.  Therefore, Plaintiff filed his original complaint against Defendants two years after the incident.  However, because MWRD is a local public entity per the Illinois Tort Immunity Act, Plaintiff had to file the complaint within one year after the incident, which would be on or before October 25, 2003.   Therefore, Plaintiff violated the statute of limitations.

Plaintiff claims that the malicious prosecution claim was filed within one year after the acquittal of Plaintiff in the criminal case, and is timely.  However, it is clear that Osowski's decision to press charges against Plaintiff and Belocky was in his individual capacity and not within his employment at MWRD.  Osowski believed he suffered from aggravated battery at the hands of Plaintiff and Belocky.  Therefore, Osowski believed

they should be arrested and prosecuted.  The arrest and prosecution of Plaintiff and Belocky did not benefit MWRD nor did it further Osowski's employment with MWRD. MWRD was not involved with the criminal complaint in any manner; therefore, it should not be responsible under respondeat superior.  The Chicago Police Department (not MWRD) wrote up the criminal complaint against Plaintiff and Belocky.  The Cook County State's Attorney decided to bring charges in front of the grand jury. The grand jury then brought the charges against Plaintiff and Belocky.  Neither Osowski nor anyone from MWRD testified at the grand jury hearing on this matter.  Osowski's involvement in this matter was in his individual capacity and not within the scope of his employment.

Finally, Plaintiff states that MWRD's statute of limitations claim should be considered an Affirmative Defense under 8(c).  However, Plaintiff violated the statute of limitations.  It would be a waste of judicial time to allow this case to go forward when it is clear that Plaintiff violated the statute of limitations.  It is in the interest of judicial economy to dismiss the case against MWRD now rather than allowing it to move forward for an unknown reason.

### III. PLAINTIFF'S STATE LAW CLAIMS OF MALICIOUS PROSECUTION AND RESPONDEAT SUPERIOR ARE NOT PART OF THE COMMON NUCLEUS OF PLAINTIFF'S FEDERAL LAW CLAIMS; THEREFORE, THIS HONORABLE COURT LACKS PENDENT JURISDICTION OVER THESE MATTERS

As stated in the Motion to Dismiss, Plaintiff's claims for excessive force under § 1983 is separate and distinct from Plaintiff's state claims for malicious prosecution and respondeat superior.  Hence, this court does not have pendent jurisdiction over Plaintiff's state claims.  Plaintiff's claims excessive force against Osowski for Osowski

shooting Plaintiff in the abdomen and spraying the Plaintiff with pepper spray during their physical altercation. Whereas, Plaintiff's state claims are regarding Osowski's subsequent decision to file a criminal complaint against Plaintiff for the incident, and MWRD's alleged respondeat superior over Osowski in his decision to file said criminal complaint. These are clearly separate and distinct actions.

Moreover, Plaintiff's federal § 1983 claims do not involve MWRD. Instead, MWRD has only been sued under respondeat superior for the state claim of malicious prosecution. Therefore, Plaintiff's state law claim of respondeat superior against MWRD must be dismissed.

## IV.    Conclusion

Wherefore, Defendant MWRD respectfully requests that this Honorable Court Dismisses MWRD from this matter pursuant to Rule 12(b)(6) based on the reasons set forth above.

Respectfully submitted,

Metropolitan Water Reclamation
District of Greater Chicago

By: */s/Carl K. Turpin*_____
        Carl K. Turpin

GREENE AND LETTS
Attorneys for Defendant-
Metropolitan Water Reclamation
District of Greater Chicago
111 W. Washington Street
Suite 1650
Chicago, Illinois 60602
312/346-1100