**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZDENEK SVOBODA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 0783 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| METROPOLITAN WATER ) | |
| RECLAMATION DISTRICT OF ) | |
| GREATER CHICAGO, and ) | |
| BARBARA OSOWSKI, as ) | |
| administrator of the estate of ) | |
| Richard Osowski, Star 7194, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Zdenek Svoboda, filed a four-count complaint in which he named two defendants, (1) the Metropolitan Water Reclamation District of Greater Chicago ("MWRD") and (2) Barbara Osowski, as the administrator of the estate of Richard Osowski ("Osowski"). Counts I and II allege claims against Osowski under 42 U.S.C. § 1983 for use of excessive force in violation of plaintiff's constitutional rights. Count III is a supplemental state law claim against Osowski for malicious prosecution. Count IV is an additional state law claim alleging that the MWRD is liable under the doctrine of respondeat superior for the state law claim against Osowski.

Before the court is defendant MWRD's motion to dismiss Count IV pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, MWRD's motion [#21] will be granted.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a motion under Rule 12(b)(6), the complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). The allegations in the complaint must also be "enough to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1965.

## BACKGROUND

Svoboda alleges the following facts. On October 25, 2002 at about 10:00 p.m., Svoboda and Pavel Belocky ("Belocky") were dropped off near their house, which is located in the 4100 block of N. McVicker in Chicago. At that time Osowski, an MWRD police officer, lived in the 4000 block of N. McVicker. As Svoboda and Belocky got out of their friend's car, Belocky put a white Styrofoam container on the grass. From across the street, Osowski began swearing at Svoboda and Belocky about the litter that Belocky had put on the ground.

Belocky then picked up the Styrofoam container, and he and Svoboda approached Osowski. Osowski told Svoboda and Belocky that he was a police officer. To prove that he was an officer, Osowski showed Svoboda and Belocky his badge, which was clipped to his belt. A physical confrontation ensued, during which Osowski pepper-sprayed both Svoboda and Belocky. When Svoboda and Belocky attempted to take the pepper-spray away from Osowski,

Osowski pulled out his gun and shot at Svoboda. The bullet hit Svoboda in the abdomen and exited through his back.

Svoboda was later transported by ambulance to Lutheran General Hospital, where he underwent surgery to stop internal bleeding caused by the gunshot wound. Following his release from the hospital on October 26, 2002, Svoboda was placed under arrest by the Chicago Police Department and charged with aggravated battery to a police officer. Osowski had instituted felony charges against Svoboda and Belocky for felony aggravated battery to a police officer based on the above-described incident.

The aggravated battery charge was brought in Cook County Circuit Court by the Cook County State's Attorney's Office under case No. 02 CR 28389, *People of the State of Illinois* v. *Zdenek Svoboda and Pavel Belocky*. Svoboda and Belocky appeared in court numerous times on the aggravated battery charge. On December 12, 2003, after a bench trial, both Svoboda and Belocky were found not guilty of aggravated battery.

As a result of the incidents described above, Svoboda claims to have suffered from, among other things, pain and suffering arising from the gunshot wound to his abdomen, loss of wages and benefits, future pecuniary losses, and emotional distress.

## DISCUSSION[1]

---

[1] In addition to arguing for dismissal under Fed. R. Civ. P. 12(b)(6), MWRD also argues that this court lacks subject matter jurisdiction over Svoboda's malicious prosecution and respondeat superior claims because they are separate and distinct from his excessive force claims

**I.  Statute of Limitations Under the Illinois Tort Immunity Act**

MWRD argues that the respondeat superior claim brought against it is time-barred by the statute of limitations under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Illinois Tort Immunity Act"), 745 Ill. Comp. Stat. 10/8-101.  The Illinois Tort Immunity Act provides,

> No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or *the cause of action accrued*.

745 Ill. Comp. Stat. 10/8-101(a) (emphasis added).

The Illinois Supreme Court has found that "[t]he term 'local public entity,' as defined in the Tort Immunity Act, includes sanitary districts such as [the MWRD]" and that "[s]ection

---

under § 1983.  In his complaint, Svoboda asserts that the court has supplemental jurisdiction over plaintiff's state law claims, Counts III and IV, under 28 U.S.C. § 1367(a).

Section 1367(a) provides that when a district court has original jurisdiction over an action, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Accordingly, a federal district court has "jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ.* v. *Cohill*, 484 U.S. 343, 349, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (quoting *United Mine Workers of Am.* v. *Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).  The Seventh Circuit has indicated that "a loose factual connection between the claims is generally sufficient."  *Sanchez & Daniels* v. *Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (quoting *Baer* v. *First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995).

The court finds unpersuasive MWRD's contention that supplemental jurisdiction is lacking, as the federal-law and the state-law claims asserted by Svoboda clearly derive from a common nucleus of operative fact—the October 25, 2002 incident.  That incident forms the basis for both (1) Svoboda's excessive force claims under § 1983 and (2) the criminal charges that Osowski pressed against Svoboda, which is the grounds for Svoboda's malicious prosecution and respondeat superior claims in this case.  Thus, this court properly exercises supplemental jurisdiction over the plaintiff's state law claims.

8-101 of the Tort Immunity Act applies to civil actions against a local governmental entity for any injury." *Paszkowski* v. *Metro. Water Reclamation Dist. of Greater Chi.*, 820 N.E.2d 401, 404–05, 213 Ill. 2d 1, 289 Ill. Dec. 625 (2004) (citing 745 Ill. Comp. Stat. 10/1-206). Accordingly, Svoboda's state law claim for respondeat superior against MWRD is subject to the one-year statute of limitations under 745 Ill. Comp. Stat. 10/801.

Under Illinois law, however, a cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor. *Ferguson* v. *City of Chicago*, 820 N.E.2d 455, 459, 213 Ill. 2d 94, 99, 289 Ill. Dec. 679 (2004); *accord Sneed* v. *Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). Because Svoboda's respondeat superior claim is dependent on his malicious prosecution claim, the statute of limitations began to run not when the underlying incident occurred, but when the cause of action accrued. Thus, in this case, the cause of action accrued when the criminal charges pressed by Osowski against Svoboda terminated in Svoboda's favor.

Svoboda asserts that his malicious prosecution and respondeat superior claims were originally filed on October 25, 2004, less than one year after his December 12, 2003 acquittal in the related criminal case. Consequently, the court finds unpersuasive MWRD's argument that Svoboda's claim against it is time-barred.

## II. Respondeat Superior Liability

MWRD also argues that Svoboda's claim against it must be dismissed because Osowski was not acting in furtherance of or within the scope of his employment at the time of the alleged misconduct. Count IV of Svoboda's complaint alleges that MWRD is liable for its agent Osowski's actions under the doctrine of respondeat superior. It is important to note, however,

5

that Count IV of the complaint has a narrow focus, stating that "the acts of Defendant Richard Osowski described *in the state claims* specified above, were willful and wanton, and committed in the scope of his employment." Pl.'s Comp. ¶ 59 (emphasis added).  In other words, Svoboda is only alleging that MWRD is liable for the acts of Osowski that relate to the malicious prosecution claim described in Count III of the complaint; Svoboda does not allege that the MWRD is vicariously liable for the §1983 claims made against Osowski in Counts I and II of the complaint.

For an employer to be liable for an employee's tort under the doctrine of respondeat superior, the tort must have been committed within the scope of his employment. *Lulay* v. *Parvin*, 834 N.E.2d 989, 993, 359 Ill. App. 3d 653, 296 Ill. Dec. 184 (2005) (citing *Pyne* v. *Witmer*, 543 N.E.2d 1304, 1308, 129 Ill. 2d 351, 135 Ill. Dec. 557 (1989)).  The question of whether an act is within the scope of an employee's employment is generally left to the jury.  *Id.* (citing *Gaffney* v. *City of Chicago*, 706 N.E.2d 914, 919, 302 Ill. App. 3d 41, 49, 236 Ill. Dec. 40 (1998)).  However, the issue may be decided as a matter of law if the answer is sufficiently clear. *Id.*

Although there is no precise definition of what constitutes an employee's scope of employment, the courts of Illinois have adhered to the following criteria promulgated in the *Restatement (Second) of Agency*, finding that the conduct of a servant is within the scope of employment if and only if

> (1) it is of the kind he is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master.  Conversely, it is not within the scope of employment if it is different in

> kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

*Duffy* v. *United States*, 966 F.2d 307, 314 (7th Cir. 1992) (citing *Pyne*, 543 N.E.2d at 1308 (citing Restatement (Second) § 228 (1958))). Under Illinois law, it is well established that if there is no showing that the act was performed to serve the master sought to be held liable, there will be no respondeat superior liability. *See Bremen State Bank* v. *Hartford Accident & Indemnity Co.*, 427 F.2d 425, 428 (7th Cir. 1970) ("[W]hen the act is committed solely for the benefit of the employee, the employer is not liable to the injured third party."); *see also Shockley* v. *Svoboda*, 342 F.3d 736, 740 (7th Cir. 2003) (noting that a core issue in a scope of employment determination is whether the employee's actions were actuated by a purpose to serve the master).

In this case, Svoboda has failed to allege facts suggesting that Osowski was acting in anything other than his personal capacity in filing the criminal complaint that is at the heart of the malicious prosecution claim against Osowski. Even viewing the facts in a light most favorable to the plaintiff, nothing in the complaint suggests that Osowski was even partially motivated by a desire to serve the MWRD when he pressed charges against Svoboda for aggravated battery. Svoboda cites only one allegation in support of his argument that at the time Osowski brought the charges he was acting in the scope of his employment: when Osowski reported the incident to the Chicago Police and signed the felony complaint against Svoboda, the criminal complaint charged that Svoboda had committed the battery while Osowski was "engaged in the execution of his official duties." Pl.'s Resp. at 2.

Plaintiff apparently believes that because the criminal complaint stated that Osowski was "engaged in his . . . official duties," in signing the criminal complaint Osowski was acting in his

official capacity and within the scope of his employment. In Illinois, however, the law is well-settled that an agent cannot confer power himself and his agency or authority cannot be established by showing what he said. *Wolf* v. *Liberis*, 505 N.E.2d 1202, 1206, 153 Ill. App. 3d 488, 106 Ill. Dec. 411, 415 (Ill. App. Ct. 1st Dist. 1987) (citing *Kapelski* v. *The Alton & Southern R.R.*, 343 N.E.2d 207, 211, 36 Ill. App. 3d 37 (Ill. App. Ct. 5th Dist. 1976); *Holbeck* v. *Ill. Bankers Life Assurance Co.*, 47 N.E.2d 721, 724, 318 Ill. App. 296 (1943)). The Illinois Supreme Court has likewise indicated that one cannot infer that an employee is acting on behalf of his employer simply because he identified himself as working for that employer and representing that employer's interests. *Rivera* v. *City of Chicago*, No. 03 C 1863, 2005 WL 2739180, at *6 (N.D. Ill. Oct. 24, 2005) (noting that no reasonable jury could find that defendant police officer's actions were motivated by purpose to serve the Chicago Police Department when the only fact cited by the plaintiff in support of that argument was that the defendant had identified himself as a police officer) (citing *Wright* v. *Danville*, 675 N.E.2d 110, 118–19, 174 Ill. 2d 391, 221 Ill. Dec. 203 (1996)).

The dispositive factor in determining whether an employee is acting on behalf of his employer is the employee's conduct. *Wolf* v. *Liberis*, 505 N.E.2d at 1206. Accordingly, to survive a motion to dismiss, Svoboda had to allege, at minimum, facts plausibly suggesting that Osowski was acting within the scope of his employment when he initiated criminal proceedings against Svoboda. *See Twombly*, 127 S. Ct. at 1974 (requiring that complaint contain "enough facts to state a claim to relief that is plausible on its face"). The allegations in Svoboda's complaint detailing events which occurred prior to Osowski's commencing criminal proceedings against Svoboda are only marginally relevant to the respondeat superior inquiry. Rather,

8

MWRD's respondeat superior liability turns on whether Osowski was acting within the scope of his employment when he initiated the alleged malicious prosecution against Svoboda. *See Curtis* v. *Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995) (noting that to state a claim for malicious prosecution, a plaintiff must show that (1) the defendant *instituted or encouraged criminal proceedings against the plaintiff*; (2) the defendant acted with malice in doing so; (3) the absence of probable cause; and (4) the proceeding terminated in the plaintiff's favor) (citing, inter alia, *Misselhorn* v. *Doyle*, 629 N.E.2d 189, 191–92, 257 Ill. App. 3d 983, 195 Ill. Dec. 881 (Ill. App. Ct. 5th Dist. 1994)).

Here, the plaintiff fails to carry that burden. Svoboda's allegations do not suggest that the MWRD was involved in any way with Osowski's decision to initiate the criminal proceedings. To the contrary, the complaint indicates that the criminal charges were brought by the Cook County State's Attorney's Office, that Osowski signed the criminal complaint, and that Svoboda was arrested on those charges by officers of the Chicago Police Department, not the MWRD. Svoboda's complaint likewise fails to suggest that Osowski chose to initiate the criminal proceedings in furtherance of any MWRD purpose or objective. Nor does Svoboda allege that Osowski consulted with anyone at the MWRD prior to pressing charges. The court must therefore grant MWRD's motion to dismiss Count IV of the complaint.

**CONCLUSION**

For the foregoing reasons, MWRD's motion to dismiss [#21] is granted. Count IV of the complaint is dismissed. Defendant MWRD is dismissed.


Dated:  February 13, 2009				Enter:_____
							JOAN HUMPHREY LEFKOW
							United States District Judge